IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ZACHARY HARROP,

    Petitioner,                                     CASE NO. 2:08-CV-678
                                                            JUDGE MARBLEY
v.                                                         MAGISTRATE JUDGE KING

MICHAEL SHEETS, Warden,

    Respondent.

## OPINION AND ORDER

Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. §2254, challenging his conviction for murder and tampering with evidence. He alleges in this action that he was denied the effective assistance of counsel because his trial attorney failed to request a jury instruction on voluntary manslaughter. On November 16, 2009, the Magistrate Judge issued a *Report and Recommendation* recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. *Report and Recommendation*, Doc. No. 9. Petitioner, through counsel, has filed an objection to the Magistrate Judge's *Report and Recommendation*. *Objection*, Doc. No. 12. For the reasons that follow, petitioner's objection is **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

In his objection, petitioner again argues that the state appellate court erred in concluding that the record lacked evidence of serious provocation by the victim sufficient to justify an instruction on voluntary manslaughter. In support of his argument, petitioner

1

again refers to Ohio cases in which Ohio juries have "determined that the level of provocation need not be extreme to justify a voluntary manslaughter verdict." *See Reply*, Doc. No. 8; *Objection*, at 2 n.5. Petitioner complains that the jury in this case was not permitted to make that determination. He contends that he was thereby deprived of a fundamentally fair trial and denied the effective assistance of counsel.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review of the record, but is not persuaded by petitioner's arguments. As discussed by the Magistrate Judge, if the evidence reflects that "no reasonable jury would decide that an actor was reasonably provoked by the victim," the trial judge must refuse to give a voluntary manslaughter instruction. *See Ohio v. Shane*, 63 Ohio St.3d 630, 632 (1992). The state appellate court concluded that such were the circumstances in this case, and that petitioner therefore had failed to establish the ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 558 (1984):

> Even assuming that [the victim] "kind of balled up his fist up" before appellant struck him the first time (as [a witness] testified for the first time at trial), we decline to hold that Byrd's act of urinating in the house and his repeated attempts to get back in the house after being physically ousted and orally informed he was not welcomed would have been sufficient to arouse the passions of an ordinary person beyond control. *See id.* at ¶ 37 (declining to hold that an intoxicated victim arguing with a defendant, beginning to hit him, and pulling a knife on him were sufficient to arouse the passions of an ordinary person beyond control). Considering that [the victim] looked like he was asleep during the altercation, was apparently intoxicated, never took any offensive action against appellant while being hit and kicked by appellant, and never verbally threatened appellant, we find that the record lacks

sufficient evidence of serious provocation.

*Ohio v. Harrop*, 2006 WL 3350647 (Ohio App. 6th Dist. November 20, 2006). Upon review of the record, this Court simply is not persuaded that this decision was so unreasonable as to justify federal habeas corpus relief. 28 U.S.C. §2254(d), (e); *Williams v. Taylor*, 529 U.S. 362 (2000).

Petitioner's objection is therefore **OVERRULED**.

However, petitioner's request for a certificate appealability is **GRANTED**. When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel, supra*. To make a substantial showing of the denial of a constitutional right, a petitioner must show

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.'" *Barefoot*, 463 U.S., at 893, and n. 4....

*Id.*

The Court concludes that reasonable jurists could debate whether petitioner's claim that he was denied the effective assistance of counsel because of his attorney's failure to request a jury instruction on voluntary manslaughter should have been resolved differently.

Therefore, the following issue is certified for appeal:

> Was petitioner denied the effective assistance of trial counsel
> due to his attorney's failure to request a jury instruction on
> voluntary manslaughter?

Petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.

This action is hereby **DISMISSED**. The Clerk shall enter **FINAL JUDGMENT**.

Petitioner's request for a certificate of appealability is **GRANTED**. The Court will rule on petitioner's request to proceed *in forma pauperis* on appeal upon the filing of his affidavit of indigency.

    s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge